UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-80218-CR-MARRA

UNITED STATES OF AMERICA,

        Plaintiff,

vs.

JOHN SHEALY,
DYLAN HARRISON,

        Defendants.
_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

THIS CAUSE is before the Court upon Interested Parties as Victims, Dale Puckett's and Stonepuck, LLC's, Motion for Reconsideration of Court's Order Granting Motion to Continue Trial [DE 119].  This Court having reviewed the pertinent portions of the record and being duly advised in the premises, it is hereby ORDERED and ADJUDGED AS FOLLOWS:

Defendant Dylan Harrison was charged in this case by way of an Information on November 26, 2012. [DE 96].  Defendant John Shealy was charged in this case by way of a Superceding Information on December 3, 2012. [DE 103].  The case was set for trial on January 14, 2012 by an order entered on November 28, 2012, five days before Defendant Shealy was charged in this case. [DE 102].  On December 21, 2012, Defendants moved to continue the trial, representing that the motion was "unopposed." [DE 117].  The Court granted the motion on January 4, 2013, fourteen days after the motion was filed, but admittedly prior to the time prescribed for a response to the motion to be filed under Local Rule 7.1.

While the motion to continue may not have been opposed by the United States, it is

opposed by that the two victims of the crime charged.  As a result, victims Dale Puckett and Stonepuck, LLC, have moved the Court to reconsider its motion granting the continuance. [DE 119].  The Victims assert that they "maintain an interest in the prompt resolution of the instant matter in light of their pending civil case against Defendants."  They further assert that the "outcome of the instant matter could have a significant effect on Victims' civil claim and their right to restitution, and as such," request that the motion to continue be denied.  [DE 119, Exhibit 1].  The Victims also note that they have a pending motion to amend their complaint in their civil proceeding against Defendants. *Id.*, n. 1.

      The Court will assume for the purpose of this motion, without deciding the question, that the Victims have standing to intercede in this criminal proceeding and seek relief regarding the scheduling of the trial.  *See* 18 U.S.C. § 3771(a)(7)(a crime victim has the right to proceedings free from unreasonable delay).  Considering the Victims position, and recognizing that Defendants were charged in this case only 42 and 35 days ago respectively, the granting of the continuance will not result in an unreasonable delay of these proceedings.  Defendants are entitled to an adequate amount of time to prepare for trial and develop any defenses they may have.  The continuance was granted for that purpose. To the extent the Victims are concerned about the effect this case may have on their civil proceeding against Defendants, the Court notes that the Victims apparently are still in the pleading stage of the civil case, and even with the continuance, it is likely this case will be resolved long before the civil case.  Thus, the Victims will have the benefit of the results of this case for whatever effect it may have on the civil proceeding.

In view of the foregoing, the Victims Motion is DENIED.

DONE and ORDERED in West Palm Beach, Florida, this 7th day of January, 2013.

KENNETH A. MARRA
UNITED STATES DISTRICT JUDGE

Copies provided to:

All counsel